IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM HUTCHINS; COMPLETE ROOFING SERVICES, INC. and BUILDERS & CONTRACTORS ASSOCIATION OF MISSISSIPPI | § § § § § § | PLAINTIFFS |
| GEORGIA CASUALTY & SURETY CO. | § § | INTERVENOR |
| v. | § § | CAUSE NO. 1:05CV495 LG-RHW |
| FAIRCHILD ROOFING CO., INC.; ROBERT FAIRCHILD; TERRY FAIRCHILD; NEIL FAIRCHILD; CENTRAL GA EMPLOYMENT & PAYROLL SERVICES, LLC; MIDDLE GEORGIA PAYROLL SERVICES, LLC; DOHERTY, DUGGAN & ROUSE INSURORS, INC. and JOHN DOES I THROUGH X | § § § § § § § § § § | DEFENDANTS |

ORDER DENYING MOTION FOR RECONSIDERATION
OR FOR CERTIFICATION TO APPELLATE COURT

THE MATTER BEFORE THE COURT is the Motion [158] of Intervenor, Georgia Casualty

& Surety Company, For Reconsideration Of Its Third Motion For Summary Judgment Or, In The

Alternative, To Certify Case For Interlocutory Appeal.  Georgia Casualty argues that the Court has

improperly considered hearsay evidence in finding a question of material fact which precluded

summary judgment in its favor.  In the event the Court does not reconsider its denial of summary

judgment, Georgia Casualty requests that the Court certify the case for interlocutory appeal to the

Fifth Circuit Court of Appeals.  Georgia Casualty contends that it will unnecessarily spend money on

a trial if the issue it has repeatedly put before the Court is not resolved as a matter of law in its favor.

DISCUSSION

The Motion for Reconsideration:

While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004) (citing *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.3d 367, 371 n. 10 (5th Cir.1998)).  If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id*. Because Georgia Casualty's motion for reconsideration was filed ten days after the Court's order denying summary judgment, it will be treated as a Rule 59(e) motion.

A motion to alter or amend the judgment under Rule 59(e ) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.' " *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)).  Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Georgia Casualty contends that the Court erred in considering the "hearsay" testimony of Tammy Knowland in denying summary judgment.  However, the Court viewed the testimony as the statement of a party opponent, pursuant to FED. R. EVID. 801(d)(2), and not hearsay.  Therefore, the Court finds no manifest error of law or fact requiring reconsideration of its order denying summary judgment.

The Motion for Certification:

Title 28 of the United States Code section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable ... shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

It is somewhat unclear what question Georgia Casualty seeks to have certified, but it appears that Georgia Casualty seeks a ruling that the policy of insurance does not apply to the allegations in this case. The Court must first consider whether this is a controlling question of law. "A controlling question of law arises 'only if it may contribute to the determination, at an early stage, of a wide spectrum of cases .'" *Lapham v. Kaye* (*In re Avado Brands, Inc.*), No. 3:07cv-769-G ECF at 6-7 (N.D. Tex. Aug. 3, 2007) (quoting *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wisc.*, 604 F.Supp. 616, 620 (E.D. Wis. 1985)). It appears to the Court that stating the question provides the answer - there is not a wide spectrum of cases to which this particular question of law will apply. Georgia Casualty simply disagrees with the Court's interpretation of the policy of insurance and the Court's application of the facts to the law. This disagreement should be reviewed by the appellate court in the ordinary course rather than by an interlocutory appeal. Therefore, certification for interlocutory appeal will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [158] of Intervenor, Georgia Casualty & Surety Company, For Reconsideration Of Its Third Motion For Summary Judgment Or, In The Alternative, To Certify Case For Interlocutory Appeal is **DENIED** in all respects.

**SO ORDERED AND ADJUDGED** this the 6th day of May 2008.

s/ *Louis Guirola, Jr.*

Louis Guirola, Jr.
United States District Judge